SHIRLEY S. ABRAHAMSON, J.
¶ 68. (dissenting). I agree with Justice David T. Prosser that the community caretaker exception is important but cannot be interpreted so broadly as to swallow the Fourth Amendment. See, e.g., State v. Gracia, 2013 WI 15, *486 ¶¶ 42-46, 345 Wis. 2d 488, 826 N.W.2d 87 (Abrahamson, C.J., dissenting, joined by Ann Walsh Bradley, J. & Prosser, J.); Gracia, 345 Wis. 2d 488, ¶¶ 47-90 (Prosser, J., dissenting, joined by Abrahamson, C.J. & Ann Walsh Bradley, J.); State v. Pinkard, 2010 WI 81, ¶¶ 64-101, 327 Wis. 2d 346, 785 N.W.2d 592 (Ann Walsh Bradley, J., dissenting, joined by Abrahamson, C.J. & Prosser, J.). Accordingly, I join Justice Prosser's dissent.
¶ 69. I write separately not only to reaffirm my assessment that this court has taken too broad a view of the community caretaker exception, but also to memorialize once again the approach being taken in the instant case and in other cases argued and tentatively decided before a new justice's (here Justice Rebecca G. Bradley's) appointment to the court, and to compare the practice at this time with past practice in this court and in the United States Supreme Court.
¶ 70. As I have written previously, these cases "pose[] the question of how a case should be treated by the court when the case was heard and decided before a new justice became a member of the court and the new member joins the court before an opinion is released." New Richmond News v. City of New Richmond, 2015 WI 106, ¶ 7, 365 Wis. 2d 610, 875 N.W.2d 107 (Abrahamson, J., concurring).
¶ 71. Let me briefly set forth the facts and circumstances of the change in membership of the court, the status of cases heard in September and October, and the issues raised by a new justice's joining the court at this time.[1]
*487 ¶ 72. Justice N. Patrick Crooks passed away on September 21, 2015. Justice Rebecca G. Bradley joined the court on October 9, 2015.
¶ 73. Prior to September 21, 2015, the court heard oral argument in the instant case and eight other cases. Justice N. Patrick Crooks participated in these nine cases. No opinion was released in these nine cases prior to Justice Rebecca G. Bradley's joining the court. These nine cases are set forth in the attached oral argument schedule (Attachment A) released by the Clerk of the Supreme Court.
¶ 74. In addition, after Justice N. Patrick Crooks passed away on September 21, 2015, and prior to Justice Rebecca G. Bradley's appointment, the court heard oral argument in seven cases on September 22, October 5, and October 6, 2015. No opinion was released in these seven cases prior to Justice Rebecca G. Bradley's appointment to the court. These seven cases are set forth in the attached oral argument schedules (Attachments A and B) released by the Clerk of the Supreme Court.
¶ 75. Opinions have been released in five cases heard and decided before Justice Rebecca G. Bradley joined the court. Justice Rebecca G. Bradley did not participate in these five cases: State v. Dumstrey, 2016 WI 3, ¶ 52, 366 Wis. 2d 64, 873 N.W.2d 502; Winnebago Cnty. v. Christopher S., 2016 WI 1, ¶ 58, 366 Wis. 2d 1, 878 N.W.2d 109; Wis. DOJ v. Wis. DWD, 2015 WI 114, ¶ 60, 365 Wis. 2d 694, 875 N.W.2d 545; New Richmond News, 2015 WI 106, ¶ 4, 365 Wis. 2d 610, 875 N.W.2d 107; State v. Iverson, 2015 WI 101, ¶ 62, 365 Wis. 2d 302, 871 N.W.2d 661.
*488 ¶ 76. The per curiam opinion in New Richmond News explained Justice Rebecca G. Bradley's non-participation thusly: "Justice Rebecca G. Bradley was appointed to the court after the court's decision, and therefore did not participate."[2] No other opinion has explained Justice Rebecca G. Bradley's non-participation.
¶ 77. The same situation as described in New Richmond News appears to exist in the instant case. Justice Rebecca G. Bradley was appointed to the court after the court heard oral argument and tentatively decided the instant case on September 18, 2015. Yet unlike New Richmond News and the four other cases from September and October in which opinions have been issued (in which Justice Rebecca G. Bradley did not participate), Justice Rebecca G. Bradley participates in the instant case.
¶ 78. Although the majority opinion looks regular in its form, the opinion differs from other opinions released in September and October cases. The vote in the instant case is 4-3, with Justice Rebecca G. Bradley as part of the majority of four. Without Justice Rebecca G. Bradley's vote, this case would result in a tie vote. The decision of the court of appeals would be affirmed. With Justice Rebecca G. Bradley's vote, the decision of the court of appeals is reversed.
¶ 79. In sum, Justice Rebecca G. Bradley's participation in the instant case appears inconsistent with her non-participation in New Richmond News and other cases argued in September and October.
¶ 80. Although this court has not had much experience with a new justice joining the court after a case has been heard but before an opinion is released, *489 we have had some. In my concurring opinion in New Richmond News, I wrote at length, reviewing this court's past experiences and the past experiences and practice of the United States Supreme Court.[3]
¶ 81. I concluded that the process when a new justice joins the court after a case has been heard but before an opinion is released is as follows: The justices who originally participated in the case, without the new justice's input, decide whether to reargue the case. The new justice may participate in reargument and subsequent proceedings.[4] No precedent appears to exist in the United States Supreme Court or in this court for a new justice who did not participate in oral argument to participate in the case without reargument.
¶ 82. In the instant case, which predates Justice Rebecca G. Bradley's appointment to the court, Justice Rebecca G. Bradley participates without a reargument. Justice Rebecca G. Bradley's participation in some (but not all) cases predating her appointment to the court, and participation in those cases without a reargument appear to be internally inconsistent and inconsistent with the court's prior practice and the practices in the United States Supreme Court.
*490 ¶ 83. As I stated previously, to aid the court in the future, I write once again to memorialize the approach being taken by the court in the instant case and to compare the present practice with this court's past practice and the practices of the United States Supreme Court.
¶ 84. For the reasons set forth, I join Justice David T. Prosser's dissent and write separately.
*491 No. 2014AP108-CR.ssa
ATTACHMENT A
WISCONSIN SUPREME COURT
Assignment for the Month of September 2015
IMPORTANT NOTICE: September 17,2015 oral arguments will be held at the Grant County Courthouse, 130 W. Maple Street, Lancaster, Wisconsin,
Pursuant to Rule 809,22, you are hereby notified that the following cases '/nil be called for argument on the days stated. The calendar indicates that you are Involved in one or more of the cases. Please be present and prepared to argue at the lime shown, which is the earliest hour at which your case may be called. Unless otherwise Indicated, 30 minutes per side will be allowed for oral argument, An oral argument information sheet is attached for your reference.
TUESDAY. SEPTEMBER 8. 2015 {In MADISON)
09:45 a.m. - #14AP515-FT - Slate v. Daniel S. Iverson
- #12AP2520 - Hoffer Properties, LLC v. State of Wisconsin
01:30 p.m. - #13AP857-CR - State v. Brett W. Dumstrey
THURSDAY. SEPTEMBER 17. 2015 {in LANCASTER)
09:30 a.m. - #13AP2433-CR • State v. Stephen LeMere
11:00a.m. - #13AP907 - Kenneth C. Burgraff, Sr. v. Menard, inc.
02:00 p.m. - #14AP2431 - St. Croix County Department of Health and Human Services v. Michael D.
FRIDAY. SEPTEMBER 18. 2015 (In MADISON)
09:45 a.m. - #14AP1048 - Winnebago County v. Christopher S.
- #14AP1938 - New Richmond News v. City of New Richmond
01:30 p.m. • #14AP108*CR > State v. Charles V. Matalonls
TUESDAY. SEPTEMBER 22. 2015 {in MADISON)
09:45a.m.- #13AP613/687 - Wisconsin Pharmacal Company, LLC v. Nebraska Cultures of California, Inc.
PLEASE NOTE: Attorneys on alt assigned cases should submit additional authorities that have been reported, issued, or published since tho filing of briefs, and which Ihe court should consider. Such letters should be furnished in nine copies with an additional copy to each opposing attorney. See Wis. Stab § 809.19(10).
Stipulations for continuance wilt be considered only If they state reasons that are considered by the court to constitute good cause. A copy of the court's rescheduling policy is attached.
If any special access, visual or hearing arrangements are necessary for your attendance In court, please advise tho Clerk's Office at least five <51 days prior to your argument.
On arrival for argument in Madison, piease check in with the Clerk’s Office Staff outside the courtroom located on the 2nd Floor, East Wing of the State Capitol, On arrival for argument in Lancaster (for cases to be heard on September 17,2015), please check in with the Clerk's Office Staff outside the assigned courtroom of the Grant County Courthouse.
ON ORAL ARGUMENT CASES, PLEASE SIGN AND RETURN THE ENCLOSED SELF-ADDRESSED, STAMPED ACKNOWLEDGMENT POSTCARD THAT ONLY ACKNOWLEDGES THAT YOU HAVE RECEIVED A COPY OF THIS CALENDAR.
DIANE M. FREMGEN Clerk of Supreme Court
July 8,2015; rev. July 9,2015; rev. July 10,2015; rov. July 14,2015; rev. July 30,2015
*492 No. 2014AP108-CR.ssa
ATTACHMENT B
WISCONSIN SUPREME COURT
Assignment for the Month of October 2015
Pursuant to Rule 809.22, you are hereby notified that the following cases will be called for argument on the days slated. The calendar indicates that you are involved in one or more of the cases. Please be present and prepared to argue at the time shown, which is the earliest hour at which your case may be called. Unless otherwise indicated, 30 minutes per side will be allowed for oral argument. An oral argument Information sheet is attached for your reference.
MONDAY. OCTOBER 5. 2015
09:45 a.m. #14AP1267-CR - State v. Andy J. Paris!
#14AP1880 - United Food v. Hormel Foods Corporation
01:30 p.m. #13AP1488 - Wisconsin Department of Justice v. Wisconsin Department of Workforce Development
TUESDAY. OCTOBER 6. 2015
09:45 a.m. #14AP678/679/680 - State v. Melisa Valadez
#14AP1283 * S. A. M. v. Nancy M. Meister
01:30 p.m. #13AP1228-CR - State v. Jimmie Lee Smith
MONDAY. OCTOBER 12. 2015
#14AP482-D - Office of Lawyer Regulation v. Gerald P Boyle
#11AP2680-CR - State v. Patrick J. Lynch
PLEASE NOTE: Attorneys on all assigned cases should submit additional authorities that have been reported, Issued, or published since the filing of briefs, and which the court should consider. Such letters should be furnished in nine copies with an additional copy to each opposing attorney. See Wis Stat. § 809.19(10).
Stipulations for continuance will be considered only If they state reasons that are considered by the court to constitute good cause. A copy of the court’s rescheduling policy is attached.
if any special access, visual or hearing ariangements are necessary for your attendance in court, please advise the Clerk’s Office at least five (5) days prior to your argument.
On arrival for argumont, please check In with tho Clerk's Office Staff outside the courtroom located on the 2mI Floor, East Wing of tho State Capitol.
ON ORAL ARGUMENT CASES, PLEASE SIGN AND RETURN THE ENCLOSED SELF-ADDRESSED, STAMPED ACKNOWLEDGMENT POSTCARD THAT ONLY ACKNOWLEDGES THAT YOU HAVE RECEIVED A COPY OF THIS CALENDAR.
DIANE M, FREMGEN Clerk of Supreme Court
July 10, 2015; rov. July 14,2015; rev. October 2,2015

 I am not writing about the Office of Lawyer Regulation lawyer discipline cases and petitions for review or bypass and certifications by the court of appeals. These matters are too *487 numerous and involve a large variety of factual patterns. They do, however, present issues similar to those presented by the oral argument cases.

 New Richmond News, 365 Wis. 2d 610, ¶ 1.

 See New Richmond News, 365 Wis. 2d 610, ¶¶ 17—25 (Abrahamson, J., concurring).

 Thus, "under past precedent of this court and the United States Supreme Court, it appears that if a new justice is available to break a tie vote, then the court, without the new justice's input, decides whether to reargue the case. In reargument, the new justice participates." See New Richmond News, 365 Wis. 2d 610, ¶¶ 21-26 (Abrahamson, J., concurring) (citing Buse v. Smith, 74 Wis. 2d 550, 247 N.W.2d 141 (1976); Stephen M. Shapiro et al., Supreme Court Practice, ch. 15.6 at 838-39 (10th ed. 2013)).